UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FARNSWORTH,

    Plaintiff,

v.

GRAND TRUNK WESTERN RAILROAD,
INC. d/b/a CANADIAN NATIONAL
RAILWAY,

    Defendant.
_____/

Case No. 08-11081

Honorable Patrick J. Duggan

## **ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 11, 2008.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Presently before the Court is Plaintiff's motion for continuance, extension of discovery, and new scheduling order. This case was filed on March 12, 2008. A Scheduling Order was entered on June 5, 2008 requiring witness list filing by August 31, 2008; discovery closed October 31, 2008; and a pretrial conference set for January 13, 2009. Trial is presently scheduled for the Court's January/February term.

Plaintiff's counsel seeks to extend discovery to January 31, 2009, contending that, "On September 13, 2008, Hurricane Ike made landfall in the Houston TX area," and that as a result of [this] disruption he was unable to complete discovery by October 31, 2008.

Defense counsel objects to any extension and has filed a response expressing his "disbelief" in counsel's statements that Hurricane Ike was in any way responsible for Plaintiff's counsel's failure to conduct discovery as required.

Defendant states, "Plaintiff now asks the Court to delay the progress of this case simply because his counsel's inattention to this matter is now apparent." (Def. Resp. to Pl. Mot. at 6). While the Court does not condone any counsel's failure to comply with the Scheduling Order unless there is justification for the non-compliance, the Court believes Plaintiff's motion should be granted for the following reasons:

1. The Court is not prepared to conclude that Hurricane Ike did not affect Plaintiff's counsel's ability to complete discovery by the cutoff date based on Plaintiff's counsel's representations;

2. Defendant has not indicated that Defendant will suffer any prejudice by an extension of the discovery cutoff as requested by Plaintiff's counsel;

3. Defense counsel's argument that extending the discovery cutoff will "delay the progress of this case" is not particularly persuasive in light of the fact that this case has been pending less than ten (10) months and an extension of discovery to January 31, 2009 will not, in this Court's opinion, "significantly" delay the progress of this case.

Therefore,

**IT IS ORDERED**:

1. Discovery cutoff is extended to January 31, 2009.

2. Plaintiff may take a 12(b)(6) deposition of a representative of Defendant.

3. Defendant shall make such representative available and such deposition shall be taken by January 15, 2009.

4. Plaintiff shall file a witness list by January 20, 2009.

5. Defendant may delay filing a reply to Plaintiff's response to Defendant's motion for summary judgment until ten (10) days after the deposition of the 12(b)(6) representative.

6. No deposition other than the deposition of the 12(b)(6) representative shall be taken unless by order of this Court for good cause shown.

7. Pretrial is rescheduled for Tuesday, February 3, 2009 at 2:00 p.m.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:

Jeff Seely
Brian E. Jorde
Joseph J. McDonnell