UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS FARNSWORTH,

    Plaintiff,

v.

                                           Case No. 08-11081

GRAND TRUNK WESTERN RAILROAD    Honorable Patrick J. Duggan
INC. d/b/a CANADIAN NATIONAL
RAILWAY,

    Defendants.
_____/

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 11, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

This action arises from a bicycling accident on October 2, 2006, in which Thomas Farnsworth ("Plaintiff") was severely injured after riding into a ladder guard attached to a railroad crossing signal. On March 12, 2008, Plaintiff filed this action against Grand Trunk Western Railroad ("Defendant") alleging negligence and gross negligence in the construction and maintenance of the railroad crossing equipment. Presently before the Court is Defendant's Motion for Summary Judgment, filed on November 14, 2008. For the reasons set forth below, Defendant's motion is granted.

**I. Facts and Procedural Background**

Between 10:00 and 11:00 P.M. on Monday, October 2, 2006, Plaintiff left his apartment on Water Street in Port Huron, Michigan, intending to ride his bike to a nearby gas station. To get to the gas station, Plaintiff had to cross a set of train tracks down the street from his apartment. This crossing is equipped with a set of lights and a sign mounted on a pole that stands between the edge of Water Street and a parallel sidewalk. Also attached to the pole is a ladder, the lower rungs of which are guarded by a metal box ("the ladder guard").

As Plaintiff traveled to the gas station on October 6, he rode his bike at his usual speed on the sidewalk that runs parallel to Water Street. Plaintiff observed the light installation and the sign that mark the railroad crossing but alleges that he was unable to see the ladder guard as he approached. When Plaintiff reached the crossing, his face slammed into the ladder guard. Plaintiff awoke lying face up on the ground near the pole. He retrieved his bike, which had sustained damage to the handle bars and front wheel, and walked back to his apartment.

At his apartment, Plaintiff observed that he had blood on his face and took a shower. Once he was cleaned up, Plaintiff went to bed. Plaintiff does not recall waking up after going to bed that Monday night until sometime on Wednesday. Although he was no longer bleeding, he was still in pain so he went back to bed. By Thursday Plaintiff was feeling better so he decided to give himself another day to heal. Plaintiff finally contacted his father on Friday, the fourth day after the accident. Plaintiff's father took him to the Port Huron Hospital.

Hospital physicians discovered that Plaintiff had suffered severe injuries including a laceration to his forehead, nose, and upper lip; a broken jaw; missing teeth; a broken nose; broken orbital bones around his eyes; other broken facial bones; and a fracture to his mid-upper back.  Plaintiff was transported to Detroit Receiving Hospital where he underwent facial surgery.

In the five months preceding the accident, Plaintiff admits that he rode his bike on the same sidewalk past the railroad crossing equipment between 10 and 20 times without incident.  Plaintiff also admits that some of those bike rides were likely to have been at night.  On the night of the accident, Plaintiff did not pay particular attention to the streetlights and, therefore, could not remember whether they were on.  Plaintiff admits, however, that the lighting conditions did not require that he decrease his speed.  Nonetheless, Plaintiff speculates that the streetlights were out at the time of the accident because his father and aunt reported to him that the lights were out in the weeks that followed.  The energy company that maintains those lights, however, has no records of outages or repairs during the relevant times.

Plaintiff's March 12, 2008, lawsuit accuses Defendant of negligence and gross negligence in the construction and maintenance of the ladder guard at the Water Street crossing.  Defendant filed a motion for summary judgment on November 14, 2008.  Plaintiff responded on December 5, 2008.  Included with his response, Plaintiff requested that the Court extend discovery to allow him to depose one of Defendant's corporate representatives.  Plaintiff asserted that such deposition testimony would support the argument he made in opposition to the summary judgment motion.  On December 9,

2008, the Court extended discovery to January 31, 2009, and noted that Defendant would be allowed to delay the filing of its reply until 10 days after the deposition of its corporate representative. Defendant filed its reply on January 23, 2009, and filed a supplement on January 29, 2009. Pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), the Court is deciding the motion without oral argument.

**II. Standard for Summary Judgment**

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2). To demonstrate a genuine issue, the non-movant

4

must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512.

The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *See id.*

### III. Premises Liability

To survive summary judgment, Plaintiff must establish a prima facie case of negligence. *See Spikes v. Banks*, 231 Mich. App. 341, 355, 586 N.W.2d 106, 112-13. "To establish a prima facie case of negligence, a plaintiff must introduce evidence sufficient to establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the defendant's breach was a proximate cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *Id.* In this case, the parties agree that the existence of a duty and breach depends on the law of premises liability.[1]

The duties owed by Defendant to Plaintiff depend on Plaintiff's status at the time he collided with the ladder guard. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596, 614 N.W.2d 88, 91 (2000). Michigan recognizes "three common-law categories for

---

[1] This case differs from the traditional premises liability case in the sense that it remains unclear whether Defendant owns the "premises" where the railroad crossing equipment is located. It is clear, however, that Defendant owns and maintains the ladder guard at issue in this case and both parties make their arguments in the context of premises liability law. For simplicity, the Court proceeds under the assumption that, in this case, Defendant's duties are analogous to those of a premises owner.

5

persons who enter upon the land or premises of another: (1) trespasser, (2) licensee, or (3) invitee." *Id.*  A trespasser enters land without consent from the landowner, a licensee enters with consent, and an invitee is one who enters land being held open for a commercial purpose. *Id.*, 492 Mich. at 596, 604, 614 N.W.2d at 91, 95.  In this case, Plaintiff was privileged to ride his bike along the public sidewalk but makes no argument that his presence at the railroad crossing promoted Defendant's commercial business interests.  Therefore, Plaintiff was a licensee at the time of his injury.

"A landowner owes a licensee a duty only to warn the licensee of any hidden dangers the owner knows or has reason to know of, if the licensee does not know or have reason to know of the dangers involved." *Id.*, 492 Mich. at 596, 614 N.W.2d at 91.  Plaintiff argues that Defendant breached this duty by constructing the ladder guard in a manner that it protruded over the sidewalk and could not be seen in the dark.  Without admitting that its railroad crossing equipment presents a danger, Defendant argues that it owed no duty to warn Plaintiff of the conditions at the railroad crossing because Plaintiff knew or had reason to know of any risks by virtue of the fact that he had traveled the same route on 10 to 20 prior occasions.  Defendant further argues that darkness does not convert otherwise safe conditions into hidden dangers.

Under Michigan law, Plaintiff has failed to establish a prima facie case of negligence and Defendant is entitled to summary judgment.  In *O'Donnell v. Garasic* the Michigan Court of Appeals found unpersuasive an invitee's argument that dangers observed in the light of day become unknown in the dark.  259 Mich. App. 569, 575, 676 N.W.2d 213, 217-18 (2003).  Because Defendant's duty to warn Plaintiff extended only

6

to "hidden dangers" that Plaintiff did not know or have reason to know of, and because Plaintiff was familiar with the railroad crossing on Water Street, Plaintiff has failed to present sufficient evidence to establish that Defendant had a duty to warn him of the ladder guard. Therefore, Defendant is entitled to summary judgment on Plaintiff's negligence claim.[2] This reasoning applies equally to the claim of gross negligence. *See Becker-Witt v. Bd. of Exam'rs of Soc. Workers*, 256 Mich. App. 359, 363, 663 N.W.2d 514, 518 (2003) ("Indeed, our Supreme Court has ruled that there can be no gross negligence in the absence of a legal duty.").

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED**.

A judgment consistent with this order shall issue.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Brian E. Jorde, Esq.

---

[2] The parties also address the "open and obvious doctrine" in their briefs. Where *invitees* are involved, the open and obvious doctrine relieves premises owners from the duty to make open and obvious conditions safe unless special aspects of the condition make it unreasonably dangerous or unavoidable. *See Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 516-19, 629 N.W.2d 384, 386-88 (2001). A condition is open and obvious when an average user with ordinary intelligence would discover the danger and risk presented upon casual inspection. *Novotney v. Burger King Corp.* (on remand), 198 Mich. App. 470, 475, 499 N.W.2d 379, 381 (1993).

Because premises owners are only required to warn licensees of "hidden dangers," the open and obvious doctrine adds little to the legal analysis in licensee cases. *See Pippen v. Atallah*, 245 Mich. App. 136, 143, 626 N.W.2d 911, 914-15 (2001). Therefore, the Court does not separately address the parties' arguments regarding the open and obvious doctrine in this case.

Joseph J. McDonnell, Esq.

Joseph J. McDonnell, Esq.